# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## March 18, 2002 Session

## CAROLYN STOVALL, ET AL. v. LOIS E. CLARKE, M.D., ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 97652     Russ Heldman, Judge**

---

**No. M2001-00810-COA-R3-CV - Filed June 20, 2002**

---

WILLIAM C. KOCH, JR., J., concurring.

I concur with the results of the court's opinion but write separately to amplify the basis for upholding the summary judgment in favor of Dr. Robert W. McCain.

In opposition to Dr. McCain's motion for summary judgment, Ms. Stovall presented the affidavit of Dr. Peter Tuteur, a pulmonologist like Dr. McCain, who testified that Dr. McCain deviated from the applicable standard of acceptable professional practice by failing to "take an appropriately detailed and meaningfully complete and pertinent history of Gail Dewayne Stovall." Even if we accept this opinion as correct for the purposes of the summary judgment motion, it does not address another necessary ingredient of any medical malpractice claim.

Plaintiffs in medical malpractice cases must prove that the practitioner caused his or her patient to suffer injuries that would not have otherwise occurred. Tenn. Code Ann. § 29-26-115(a)(3) (2000). Ms. Stovall's causation expert, Dr. Ronald Krone, testified unequivocally that Mr. Stovall should have had cardiac by-pass surgery by no later than January 1997. Thus, at least according to Dr. Krone, the die was cast by the time that Dr. McCain examined Mr. Stovall on February 28, 1997. I find nothing in Dr. Tuteur's affidavit or in any of the other evidentiary materials submitted by Ms. Stovall that explains how Dr. McCain's failure to take a better history, if in fact the history he took was inadequate, caused Mr. Stovall to suffer injuries that he would not otherwise have suffered. Without this evidence, Ms. Stovall's claim against Dr. McCain must fail.

_____
WILLIAM C. KOCH, JR., JUDGE